Document 16-1 Filed 01/25/10 Page 1 of 14

METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Defendants
Our File No. 71822 ELH

| | |
|---|---|
| J.T. ON HER OWN BEHALF, ON BEHALF OF HER MINOR CHILD, A.T. AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br><br>Plaintiffs,<br><br>V.<br><br>DUMONT PUBLIC SCHOOLS; THE BOARD OF EDUCATION OF THE DUMONT PUBLIC SCHOOLS; JOHN KOHLBERGER, THERESA KELLY, MATTHEW CARRICK, BARBARA CORREA, ROBERT DEWALD, SANDRA FERNANDEZ, GUY FINETTO, RICHARD C. HEALY, AND RAFAEL TOLENTINO, ALL IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF THE BOARD OF EDUCATION OF THE DUMONT PUBLIC SCHOOLS; EMANUELE TRIGGIANO, IN HIS OFFICIAL CAPACITY AS SUPERINTENDANT OF SCHOOLS OF THE DUMONT PUBLIC SCHOOLS; AND PAUL BARBATO IN HIS OFFICIAL CAPACITY AS DIRECTOR OF SPECIAL SERVICES FOR THE DUMONT PUBLIC SCHOOLS<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CASE NO.: 2:09-CV-04969 (FSH)<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

**<u>~~PROTECTIVE~~ ORDER GOVERNING CONFIDENTIAL MATERIAL</u>**

This Protective Order governs the production of documents and other information in connection with the above captioned matter (the "Litigation") by and among the above-captioned parties (collectively, "the Parties" and, individually, a "Party"). The Parties recognize that

discovery in this action may require the production of certain records and other materials containing statutorily protected and otherwise confidential information. The Parties seek to litigate this action without jeopardizing any Party or non-party's interests in the confidentiality of such information. Accordingly, the Parties have submitted and consented to the entry of this Protective Order by the Court, pursuant to Federal Rule of Civil Procedure 26(c), made applicable here through Local Civil Rule 5.3; and it appearing to the Court that good and sufficient cause exists to grant the relief, based upon the Certification of Eric L. Harrison, dated January 25, 2010, the Court finds as follows:

i. Documents and information that likely will be produced in discovery in connection with the Litigation contain statutorily protected and otherwise confidential information. Parties and non-parties to the Litigation have a legally cognizable privacy interest in the confidentiality of this information, and disclosure thereof could cause substantial harm to (i) the Parties and (ii) non-parties to whom the Parties owe a legal duty.

ii. The Court specifically finds that the harm that would result to the privacy of the Parties and other persons in interest from disclosure of confidential information in this case outweighs the public interest in access to such information.

Omitted because requests to seal information submitted in connection with non discovery relief must be made via formal motion pursuant to L.Civ.R 5.3. See also Paragraph 11

~~On the basis of the foregoing findings, and for good cause shown, the Court ORDERS THAT any documents and/or pleadings filed with the Court that constitute, quote, describe, or refer to Confidential Information (as defined below) shall be filed under seal in accordance with this Order. Such documents and/or pleadings shall remain sealed through the duration of the case, including appeals.~~ The Court further ORDERS THAT:

1. The term "personally identifiable information" in this Order means that term as it is defined at 34 C.F.R. § 99.3, including amendments thereto. *See* 34 C.F.R. 99.3 ("This term includes, but is not limited to— (a) The student's name; (b) The name of the student's parent or

Document 16-1 Filed 01/25/10 Page 3 of 14

other family members; (c) The address of the student or student's family; (d) A personal identifier such as the student's social security number, study number, or biometric record; (e) Other indirect identifiers, such as the student's date of birth, and mother's maiden name; (f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or (g) Information requested by a person who the educational agency or institution believes knows the identity of the student to whom the educational record relates.").

2. The term "confidential information" in this Order means any material that is confidential under New Jersey or federal law regarding or relating to a student or young person who is or has been enrolled in an educational institution or who has received special education or related services during the period of the Litigation or who has been so eligible in the past or will be entitled to so receive special education or related services in the future, including Personally Identifiable Information for such persons and their family members, guardians, custodians, or surrogate parents of such persons; and all photographs and videotapes depicting students and young children's faces that clearly identify the student or child.

3. This Order covers any documents, records, or sworn statements containing Confidential Information or Personally Identifiable Information, including documents created, produced or exchanged in the course of the Litigation, pleadings, motions, interrogatory answers, other discovery responses and testimony given in depositions. The aforementioned shall be deemed "Confidential" documents pursuant to the terms of this Order; provided however, that: (1) any document, record, or sworn statement containing Personally Identifiable Information, as defined in paragraph 1, shall be deemed "Highly Confidential" documents and (2) a Party need

not treat pleadings, motions, interrogatory answers, other discovery responses and testimony given in depositions as a Confidential Document or a Highly Confidential Document if (a) such material disclosed only such information about the named plaintiffs that was disclosed in the complaint filed in this action; or (b) such material summarizes Confidential documents without disclosing Personally Identifiable Information for the persons whose records have been summarized; or (c) the disclosure of such material is otherwise required by law. The term "record" shall be defined as in 34 C.F.R. § 99.3, including any amendments thereto. *See id.* ("Record means any information recorded in any way, including, but not limited to, handwriting, print, computer media, video or audio tape, film, microfilm, and microfiche.").

4. All documents covered by this order and all Personally Identifiable Information shall, without the necessity of further designation, be treated as confidential during the pendency of this action. Any Party that creates, has created, produces, or has produced material that it believes contains Confidential Information as defined in paragraph 2 may explicitly designate it as such by marking the material "CONFIDENTIAL" or in some other manner agreeable to all counsel. Any Party that creates, has created, produces, or has produced material that it believes contains Personally Identifiable Information as defined in paragraph 1 may explicitly designate it as such by marking the material "HIGHLY CONFIDENTIAL" or in some other manner agreeable to all counsel. If a Party produces material without designating it as Confidential or Highly Confidential, but later determines that the material should be so designated, the Party may designate such material as Confidential or Highly Confidential within ~~sixty~~ twenty-one days (~~60~~ 21) following production by providing written notice of such designation to all counsel appearing in the Litigation. Upon receipt of the notice of designation, the receiving Party shall, from that point forward, treat such material in all respects as Confidential or Highly Confidential in accordance

Case 2:09-cv-04969-FSH-PS Document 16-1 Filed 01/29/10 Page 5 of 14

with the provisions of this Order. A Party's failure to have designated the material as Confidential or Highly Confidential when originally produced shall not amount to a waiver of the Party's right to designate material as Confidential or Highly Confidential, although the other Party may still dispute the designation under the procedure provided for in this Order.

5. Any document or information provided to either Party that is designated as Confidential or Highly Confidential shall at all times remain under the control of only the attorneys for the Parties, shall be used by said attorneys solely for the purposes of the Litigation, and shall not be shown to any person, company, or entity except as expressly permitted by this Order or by a subsequent Order of this Court entered pursuant to Paragraph 13 herein.

6. Nothing in this Order shall prevent the Parties from using their own material that might qualify as Confidential or Highly Confidential documents so far as such materials are used in the normal course of business. For instance, the defendants and personnel within their respective agencies (Dumont Public Schools and the Board of Education of the Dumont Public Schools) are not prevented from disclosing in the ordinary course of business their own documents to their own employees and officers, New Jersey state officials, their contractors, sister state agencies, service providers, regulators, and relevant federal agencies for all purposes required or permitted by law.

7. Defendants shall designate one employee, officer, or other person with whom counsel for that Party may have consultations regarding Highly Confidential documents produced by Plaintiffs as reasonably necessary to carry out counsel's representation, including disclosing to the designee the Highly Confidential documents. Plaintiffs shall designate one individually named plaintiff with whom counsel for Plaintiffs may have consultations regarding Highly Confidential documents produced by Defendants as reasonably necessary to carry out

09-FSH-PS Document 16-1 Filed 01/25/10 Page 6 of 14

counsel's representation, including disclosing to the designee the Highly Confidential documents. Notwithstanding the foregoing, counsel for either Party shall not share with their designee Highly Confidential documents unless Personally Identifiable Information has been redacted. Counsel for each Party shall inform counsel for all other Parties of the name of their designee pursuant to this paragraph prior to disclosure of any Highly Confidential documents to the designee. A Party may not change its designee without express written prior approval of all other Parties or, in the alternative, prior approval from this Court. This proscription does not apply to student records already in the possession of the defendant school district.

8. Except as provided in paragraph 7 herein, the Parties shall maintain in a secure manner all Confidential and Highly Confidential documents and shall not disclose Confidential or Highly Confidential documents to anyone other than (a) counsel of record for the Parties, including employees, agents and supervisors of counsel of record; (b) any person retained by counsel to prepare for trial in this case, including experts, consultants, or employees of document handling services specifically retained by the Parties and/or their attorneys to assist in the litigation of this matter; (c) court personnel working on the Litigation and court reporters utilized for depositions in this matter; (d) the author or addressee of the document; and (e) any other person agreed upon by the Parties. With respect to (e), where a Party proposes disclosing a Confidential document or a Highly Confidential document to a person, the Parties shall attempt in good faith to reach an agreement regarding disclosure to that person, and such agreement shall not be unreasonably withheld by either Party. If the Parties are unable to resolve the dispute amongst themselves, any Party may seek relief from the Court via the joint letter protocol set forth in the Pretrial Scheduling Order ~~upon a showing of good cause.~~

9. Any person who makes a disclosure permitted by this Order shall advise the person(s) to whom such disclosure is made of the obligations imposed by this Order and provide

the person(s) with a copy of the Order. In addition, prior to disclosing Confidential or Highly Confidential documents to any person identified in categories (b) and (e) of paragraph 8, counsel initiating the disclosure shall first require the recipient to execute a Confidentiality Agreement in the form appended hereto as Exhibit "A" and shall distribute it to all counsel.

10. To the extent that any depositions in the Litigation incorporate Confidential or Highly Confidential documents, the deposition testimony and documents or information utilized shall be noted confidential on the deposition record, and any Personally Identifiable Information contained in the portions of the deposition transcript or exhibits shall not be disclosed to any other person other than those to whom disclosure is permitted pursuant to paragraphs 7 and 8, without prior leave of Court or agreement of all counsel. Counsel taking the deposition shall obtain the acknowledgement of the deponent on the record of such deposition that he or she shall not disclose to any other person the Personally Identifiable Information. The deponent thereafter shall be bound to keep any such Personally Identifiable Information confidential.

11. If a Party wishes to submit a Confidential document or Highly Confidential document to the Court, in support of a request for nondiscovery relief, then the party shall file a motion pursuant to L.Civ.R. 5.3. The parties shall contact chambers for instructions concerning the format of the motion. Designation under this order alone is not a sufficient basis to seek to seal. ~~the attorneys for such Party shall move to file the pleading under seal; and all copies thereof, other than those served upon counsel for the Parties shall be retained by counsel for the filing Party in the manner provided by paragraph 8. If the motion is denied, the pleading shall nonetheless be filed with Personally Identifiable Information redacted.~~

12. During trial, or at any hearing connected with any motion or proceeding, if a Party intends to offer into evidence or otherwise to utilize any Confidential or Highly Confidential documents, counsel for such Party shall so inform opposing counsel at a reasonable time in advance thereof in order that opposing counsel may take such steps as are deemed reasonably necessary to preserve the confidentiality of such document or information.

13. Any Party that disputes a designation of documents as Confidential or Highly Confidential may, if agreement cannot be reached, seek appropriate relief from this Court upon fourteen (14) days notice to counsel for the Parties, or upon as much notice (if less than fourteen (14) days) as the Court directs. Any document that is the subject of such dispute shall be kept confidential pursuant to the terms of this Order unless and until the Court determines that the document is not confidential.

via the joint letter protocol set forth in the Pretrial Scheduling order

14. Nothing in this Order requires production or disclosure of any information or documents, or excuses a failure to produce or disclose information or documents in violation of the Federal Rules of Civil Procedure or a subsequent Order of this Court. This Order makes no suggestion regarding the appropriateness of production or disclosure of any specific information or document.

15. Nothing in this Order shall prohibit the use of Confidential, Highly Confidential, or Personally Identifiable Information of a person who has reached the age of majority and has consented to the use of that information, or a minor student whose parent, guardian, custodian, or surrogate parent has consented to the use of that information.

16. The terms of this Order shall apply to all Confidential or Highly Confidential documents produced in the Litigation, and to all copies thereof, which may be made at any time during the course of the Litigation.

17. This Order shall remain in force and effect indefinitely, notwithstanding settlement or other disposition of this lawsuit, until modified, superseded or terminated on the record by agreement of the Parties hereto or by order of the Court.

18. Within sixty (60) days after the conclusion of this action by settlement and release, by final judgment not subject to appeal, or by the filing of a Warrant of Satisfaction, all

documents designated as Confidential and Highly Confidential pursuant to this Order and all copies thereof that are in the possession, custody or control of any person other than the producing Party shall be returned to the producing Party, or shall be destroyed, and if destroyed, a certification to that effect shall be delivered to the producing Party. Attorney work product is not subject to the preceding obligation. Within sixty (60) days following the conclusion of the Litigation, attorney work product containing unredacted Personally Identifiable Information shall be destroyed, and counsel formerly possessing such work product shall provide all counsel with a certification describing the time and manner of destruction. Also, notwithstanding the above, one (1) copy of any document designated as Confidential or Highly Confidential pursuant to this order may be retained by counsel of record for each Party so long as it is maintained in a secure location with access restricted solely to the counsel of record.

19. The Court retains the right to allow disclosure of any documents or information covered by this Order or to modify this Order at any time in the interest of justice.

**SO ORDERED.**

DATED: 1/25/2010

Hon. Patty Shwartz
United States Magistrate Judge

I/We hereby consent to the
Entry of the within Order

Case 2:09-cv-04969-ES-LRS Document 20 Filed 01/25/10 Page 10 of 11

John D. Rue
Attorney for Plaintiffs

Eric Harrison
Attorney for Defendants

Case 2:09-cv-04969-FSH-PS Document Filed 01/25/10 Page 11 of 14

## EXHIBIT A TO PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J.T., et al.,<br>Plaintiffs,<br>v.<br>DUMONT PUBLIC SCHOOLS, et al.,<br>Defendants. | CASE NO.: 2:09-CV-04969 (FSH) |

**CONFIDENTIALITY AGREEMENT**

STATE OF ____________________)
COUNTY OF __________________)

____________________, being duly sworn, deposes and says:

I have read the ~~Protective~~ Discovery Confidentiality Order entered in the above-referenced case, and I agree to be bound by the terms therof.

____________________________

SUBSCRIBED AND SWORN TO before me this ____ day of ____________, 20___

____________________________
Notary Public

My commission expires: ________________________.

1/21/2010 5:13 PM (2K)
NEWYORK 7483140 v2
[Confidentiality order 1-21-10.doc]